IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Phillip Goodyear, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Dylan Davis, R. Nolan Brewer, R. )<br>Patin, Trainee Beltran, and C.J. )<br>McClure, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 7:24-cv-00741-TMC-MHC<br><br>**ORDER** |

    Plaintiff Phillip Goodyear, proceeding *pro se* and *in forma pauperis*, (ECF No. 7), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 10, 19). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The defendants collectively filed a motion to dismiss Plaintiff's claims, contending the claims are barred by the statute of limitations and that Plaintiff has failed to state a claim against them in their official capacities. (ECF No. 38). Plaintiff filed a response in opposition to the motion. (ECF No. 41).

    Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the district court grant in part and deny in part the motion. (ECF No. 47). The magistrate judge determined Plaintiff's claims were not barred by the statute of limitations. *Id*. at 7-14. Therefore, she recommended the motion to dismiss be denied as to this issue. *Id*. at 14. However, the magistrate judge agreed with the defendants that Plaintiff failed to state a § 1983 claim against them in their official capacities, noting Plaintiff does not allege the defendants' "purported constitutional violations resulted from any policy or custom of the City of Spartanburg." *Id*. at 18. Accordingly, she recommended the motion be granted as to this issue. *Id*.

at 19. The magistrate judge advised the parties of their right to file objections to the Report. *Id*. at 20. Defense counsel received notice of the Report through CM/ECF. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 50), and it was not returned to the court as undeliverable. Thus, Plaintiff is presumed to have received it. Nevertheless, neither party has filed objections to the Report, and the time to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

2

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 47), which is incorporated herein by reference. Accordingly, the court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss at ECF No. 38. Plaintiff's § 1983 claims against the defendants in their official capacities are thus **DISMISSED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 11, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.