IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Goodyear, | ) | C/A No. 7:24-cv-00741-TMC-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dylan Davis, R. Nolan Brewer, R. Patin, | ) | |
| Trainee Beltran, and C.J. McClure, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action seeking relief pursuant to 42 U.S. § 1983. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

Presently before the Court is a Motion to Dismiss for Failure to Prosecute, filed by Defendants on November 5, 2025. ECF No. 66. The time for Plaintiff to file a response to the Motion has expired, and no response was filed. For the reasons that follow, the undersigned recommends that the Motion be granted and this case dismissed for failure to prosecute.

**PROCEDURAL BACKGROUND**

At the time Plaintiff filed his Complaint, he was an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. ECF No. 1. On April 4, 2025, Plaintiff filed a written notice of change of address, informing the Clerk of Court that his address had changed to a non-prison address in Beaufort, South Carolina. *See* ECF No. 5.

On August 27, 2025, Defendants filed a Motion to Dismiss for Failure to Prosecute, arguing that Plaintiff failed to appear for his noticed deposition on August 5, 2025, and failed to contact defense counsel to advise that he would not be able to attend. ECF No. 54. After Plaintiff filed a response in opposition indicating an intent to continue prosecuting the case and a motion for

extension of time, ECF Nos. 62 & 63, the Court mooted the Motion to Dismiss and extended the discovery deadline to November 5, 2025, for the limited purpose of taking Plaintiff's deposition. ECF No. 64.

On November 5, 2025, Defendants filed the instant Motion to Dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 66. In their Motion, Defendants assert that Plaintiff failed again to attend his deposition noticed for October 29, 2025, and failed again to contact defense counsel to advise that he would be unable to attend the deposition. *Id.* Defendants further assert that Plaintiff's "failure to attend two properly noticed depositions has substantially prejudiced the Defendants" because it "deprived Defendants of the opportunity to obtain key information, question Plaintiff regarding the merits of his claim, and explore potential alternative causes of Plaintiff's injuries, prior to the discovery deadline of November 5, 2025," and it "forced Defendants to incur attorneys' fees associated with . . . counsel's preparation for the deposition and travel to the deposition location," as well as "the costs of paying for the appearance of a court reporter." *Id.* at 2.

On November 10, 2025, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion by December 11, 2025, including dismissal of his case. ECF No. 67. That same day, the clerk received a filing from Plaintiff titled, "Response to Motion to Dismiss," in which Plaintiff recounts the factual basis for his claims. ECF No. 69. The filing is dated November 3, 2025, and postmarked November 4, 2025 (both before Defendants filed their second Motion to Dismiss on November 5, 2025). *See* ECF Nos. 69; 69-2.

On November 18, 2025, the Court issued the following text order:

TEXT ORDER. Plaintiff filed a Response, dated November 3, 2025, to Defendants' Motion to Dismiss, in which he seeks an additional 15 days to respond to Defendants' Motion. ECF Nos. 69; 69-1. This filing appears to be a Response to

Defendants' first Motion to Dismiss, filed on August 27, 2025. ECF No. 54. However, that first Motion was mooted. ECF No. 64. Defendants subsequently filed a second Motion to Dismiss on November 5, 2025, two days after Plaintiff's November 3, 2025 filing. ECF No. 66. Defendants served a copy of the second Motion to Dismiss on Plaintiff at his address of record on November 5, 2025. *Id.* at 4. The Court issued a *Roseboro* Order to Plaintiff at the same address, informing him of Defendants' Second Motion to Dismiss, and providing a Response deadline of December 11, 2025. ECF Nos. 67; 68. Accordingly, to the extent Plaintiff's filing dated November 3, 2025, can be deemed a request for an extension to respond to Defendants' Second Motion to Dismiss (ECF No. 66), it is moot. Plaintiff's due date for a Response to Defendants' Second Motion to Dismiss is December 11, 2025.

ECF No. 70. No other filings have been made in this case, and Plaintiff never responded to Defendants' argument that the case should be dismissed for Plaintiff's repeated failure to appear for his properly noticed deposition. *See generally* Docket.

## **DISCUSSION**

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a case for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Upon review of the procedural history of this case and the filings before this Court, the undersigned finds that Plaintiff meets the criteria for dismissal under *Lopez*, such that the Motion to Dismiss should be granted. It is undisputed that Plaintiff twice failed to appear for his noticed deposition and twice failed to provide defense counsel with notice that he was not going to appear.

Plaintiff is personally responsible for proceeding in a dilatory fashion, as he is proceeding pro se and is responsible for appearing for his noticed deposition. Defendants are suffering prejudice because they have been prevented from conducting discovery into Plaintiff's claims and have had to expend time and resources on a case in which Plaintiff is unresponsive. Plaintiff's repeated failure to attend his deposition is evidence of a "drawn out history of deliberately proceeding in a dilatory fashion." *See Lopez*, 669 F.2d at 920. Finally, no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions), has failed to comply with a duly noticed deposition twice, and failed to follow this Court's November *Roseboro* Order instructing Plaintiff to respond to the second Motion to Dismiss, notwithstanding the Court's warning that a failure to respond could result in dismissal of this action. *See Lopez*, 669 F.2d at 920; *see Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (magistrate judge's explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

### RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Prosecution (ECF No. 66) be **GRANTED** and that this action be **DISMISSED** for lack of prosecution, pursuant to Rule 41(b). *See Lopez*, 669 F.2d at 920; *Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 629–32; *Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

February 9, 2026
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).