# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Phillip Goodyear, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:24-cv-00741-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Dylan Davis, R. Nolan Brewer, R. ) | |
| Patin, Trainee Beltran, and C.J. ) | |
| McClure, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Phillip Goodyear, proceeding *pro se* and *in forma pauperis*, (ECF No. 7), filed this action pursuant to 42 U.S.C. § 1983, (ECF Nos. 1, 10, 19). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's second Report and Recommendation ("Second Report"), recommending the district court grant the defendants' motion to dismiss for lack of prosecution[1] and dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 72). The magistrate judge informed Plaintiff of his right to file objections to the Second Report, *id*. at 5, and the Clerk's Office mailed the Second Report to Plaintiff's last known address, (ECF No. 73). *See* (ECF No. 43) (notifying the court of Plaintiff's change of address). *See also* (ECF Nos. 62-2, 63-1, 69-2) (showing Plaintiff's return address as the same address the Clerk's Office mailed the Second Report). Despite being informed on multiple occasions to keep the court apprised of any change in address,

---

[1] The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the dismissal procedures and the possible consequences of failing to respond to the motion. (ECF No. 67).

(ECF Nos. 1 at 12; 7 at 4; 10 at 13; 13 at 7; 19 at 21), the Second Report was returned to the court as undeliverable, (ECF No. 74). Plaintiff ultimately failed to file objections to the Second Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Second Report and finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's recommendations in the Second Report, (ECF No. 72). Defendants' motion to dismiss, (ECF No. 66), is **GRANTED** and this case is hereby **DISMISSED with prejudice** for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

                                                            s/Timothy M. Cain
                                                            Chief United States District Judge

Anderson, South Carolina
March 2, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.